Filed 3/28/25  P. v. Rodriguez CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JORGE RODRIGUEZ,<br><br>    Defendant and Appellant. | B336788<br><br>(Los Angeles County<br>Super. Ct. No. VA048797) |

APPEAL from an order of the Superior Court of Los Angeles County, Andrew C. Kim, Judge.  Reversed.

James S. Donnelly-Saalfield, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

After finding him ineligible, the trial court denied defendant Jorge Rodriguez's petition pursuant to Penal Code[1] section 1170, subdivision (d)(1) to recall his sentence and resentence him.  On appeal, the parties agree that although section 1170, subdivision (d)(1), by its express terms, applies only to defendants sentenced to life without the possibility of parole, case law uniformly holds that the statute applies to a defendant who was sentenced to the functional equivalent of life without the possibility of parole.  The parties also agree defendant's 53-year-to-life sentence was the functional equivalent of a life without the possibility of parole sentence.  We too agree and reverse the trial court's order.

## BACKGROUND

After a jury convicted defendant of first degree murder,[2] the trial court sentenced defendant to an indeterminate term of 53 years to life.  The term consisted of 25 years to life for the murder, three years for the section 186.22 gang enhancement, 25 years for the section 12022.53, subdivision (d) gun enhancement.

On June 20, 2023, defendant filed a petition to recall and resentence him pursuant to section 1170, subdivision (d)(1) and *People v. Heard* (2022) 83 Cal.App.5th 608 (*Heard*).  Defendant averred he was 15 years old at the time of his crime and committed the offense with at least one adult codefendant and performed acts that tend to indicate rehabilitation or the potential for rehabilitation.  Defendant requested the court

---

[1] Undesignated statutory citations are to the Penal Code.

[2] The complete jury verdict is not included in the record.

2

appoint an attorney to represent him.  The court appointed counsel.

The People argued defendant was not eligible for resentencing because he had not been sentenced to life without the possibility of parole.  The People further argued defendant was not serving the functional equivalent of life without the possibility of parole.  According to the People, a youthful offender is entitled to parole eligibility after 25 years and a 25-year-to-life sentence is not the functional equivalent of a life without the possibility of parole sentence.  In reply, defendant argued his sentence was the functional equivalent of life without the possibility of parole because it was a 53-year-to-life sentence.  Defendant also argued he satisfied the other statutory requirements for resentencing.

The trial court denied defendant's motion to recall and resentence him pursuant to section 1170, subdivision(d)(1).  The court found he was ineligible because he was not sentenced to a life without the possibility of parole sentence or the functional equivalent of a life without the possibility of parole sentence.

## DISCUSSION

Section 1170, subdivision (d)(1) permits "a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole" and who "has been incarcerated for at least 15 years, . . . [to] submit to the sentencing court a petition for recall and resentencing."  (§ 1170, subd. (d)(1)(A).)

In *Heard*, *supra*, 83 Cal.App.5th 608, the defendant committed a drive-by shooting at age 15 and was serving a sentence of 23 years plus 80 years to life for two counts of

3

attempted willful, deliberate, and premeditated murder. (*Id.* at p. 612.) The defendant acknowledged that he would receive a youth offender parole hearing in his 25th year of incarceration pursuant to section 3051. (*Id.* at p. 628.) *Heard* held that to avoid an equal protection violation, section 1170, subdivision (d)(1) includes defendants sentenced to the functional equivalent of a sentence of life without the possibility of parole as measured at the time of the defendant's original sentence. In other words, the court did not consider the length of the sentence as modified by section 3051, which permits earlier parole for certain youthful offenders.[3] (*Heard*, *supra*, at p. 629.) *People v. Sorto* (2024) 104 Cal.App.5th 435, 439–440 and *People v. Bagsby* (2024) 106 Cal.App.5th 1040, 1054–1057 followed *Heard*.

Based on *Heard*, *Sorto*, and *Bagsby*, the parties agree the trial court erred in finding defendant ineligible for resentencing solely because he was not sentenced to the functional equivalent of a term of life without the possibility of parole. We reach the same conclusion, which is also supported by our high court's opinion in *People v. Contreras* (2018) 4 Cal.5th 349 (*Contreras*).

In *Contreras*, *supra*, 4 Cal.5th 349, two 16-year-old defendants were convicted of kidnapping and sexual offenses. (*Id.* at p. 356.) One defendant was sentenced to a term of 50

---

[3] Section 3051, subdivision (b)(3) provides: "A person who was convicted of a controlling offense that was committed when the person was 25 years of age or younger and for which the sentence is a life term of 25 years to life shall be eligible for release on parole at a youth offender parole hearing during the person's 25th year of incarceration. The youth parole eligible date for a person eligible for a youth offender parole hearing under this paragraph shall be the first day of the person's 25th year of incarceration."

years to life and the other was sentenced to a term of 58 years to life. (*Ibid.*) The Supreme Court held that these sentences violated the Eighth Amendment prohibition against cruel and unusual punishment. (*Ibid.*) In reaching this conclusion, the high court held that "a sentence of 50 years to life is functionally equivalent to" life without the possibility of parole. (*Id.* at p. 369.) Here, defendant's 53-year-to-life sentence is greater than the 50-year-to-life sentence found functionally equivalent to life without the possibility of parole in *Contreras*.

We express no opinion on whether defendant has met section 1170, subdivision (d)'s other requirements or what relief the trial court should grant if it finds defendant eligible for resentencing.

## DISPOSITION

The order finding Jorge Rodrigez ineligible for relief under Penal Code section 1170, subdivision (d) is reversed.

NOT TO BE PUBLISHED.

BENDIX, J.

We concur:

ROTHSCHILD, P. J.               M. KIM, J.

5